**SOUTH CENTRAL BELL TELEPHONE COMPANY**

v.

**CONSTANT, INC. and the Succession of John D. Constant, Sr.**

**Civ. A. No. 69–98.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Sept. 29, 1969.

Victor A. Sachse, Fernando J. Freyre, Breazeale, Sachse & Wilson, Baton Rouge, La., for plaintiff.

Clint L. Pierson, Baton Rouge, La., for defendants.

WEST, Chief Judge:

This suit involves a dispute concerning the use of the name ATLAS by two companies engaged in the van line and moving business. On July 11, 1968, "Atlas Van-Lines, Inc." filed suit in this Court against "Dan J. Constant, d/b/a Atlas Moving & Storage Company" seeking injunctive relief in connection with Constant's use of the name "AT-LAS." On November 20, 1968, a "Final Judgment by Consent" was entered by this Court in that suit, which provided, in pertinent part, as follows:

> "4. That the Defendant, his agents, servants, employees, and attorneys, and all others holding by, through, or under Defendant, or in active concert,

or participation with Defendant be and they are hereby perpetually restrained and enjoined from representing by advertisements or by statements to customers or potential customers that Defendant or his company is in any way associated with or licensed by Plaintiff, or in any way affiliated with the business or services of Plaintiff and its authorized agents.

"5. That the Defendant, his agents, servants, employees, and attorneys, and all others holding by, through, or under Defendant, or in active concert, or participation with Defendant be and they are hereby perpetually restrained and enjoined from committing any other act likely to cause the public to believe that the services offered by the Defendant are Plaintiff's or its authorized agents unless such services are in fact Plaintiff's or its authorized agents."

In June of 1968, prior to the entry of the foregoing consent injunction, a new telephone directory had been distributed by plaintiff, South Central Bell Telephone Company, in which, pursuant to prior contract, Constant was listed in both the general part of the directory and also in the yellow page classified section as doing business under the name of "Atlas Moving & Storage Co." As a matter of undisputed fact, subsequent to the issuance of the consent injunction on November 20, 1968, Constant changed the name of his business to "Able Moving & Storage Co." But in spite of this change of names, when prospective customers called the numbers listed in the telephone book, Constant, or his employees, answered the phone by using the name "Atlas." When this became known to Atlas Van-Lines, Inc., plaintiff in the suit in which the consent injunction was issued, Atlas Van-Lines, Inc. notified South Central Bell Telephone Company of that fact and asked that company to take whatever steps necessary to prevent Constant from continuing, by the use of his telephone, to lead the public to believe that he was still doing business as an Atlas franchisee, and thus violating this Court's injunction. South Central Bell, believing that it would be a "party acting in concert" with Constant if it knowingly allowed him to continue to use the equipment of South Central Bell in such a manner as to violate this Court's injunction, placed an intercept operator on the two numbers assigned to Constant. Thereafter, if a person called one of those numbers, the intercept operator would ask who the party was calling. If the party said "Atlas," the operator would give the number of a company who had been authorized by Atlas Van-Lines, Inc. to use the name Atlas subsequent to the time Constant had been denied that right. If the party said he was trying to reach "Constant," or "Able Moving & Storage Co.," he was given a new number assigned to Constant since the consent decree was entered on November 20, 1968.

When Constant was informed of the procedure being used by South Central Bell, he filed suit in the State Court seeking both money damages from South Central Bell and also seeking an injunction enjoining South Central Bell from intercepting calls placed to the two numbers appearing in the phone book under the name of Atlas Moving & Storage Co., or alternatively, from referring any such calls to any number other than the new numbers assigned to Constant subsequent to November 20, 1968. The State Court issued a temporary restraining order as requested by Constant, and then, after hearing, issued a preliminary injunction as prayed for. Immediately thereafter the present suit was filed in this Court by South Central Bell, seeking a preliminary injunction enjoining Constant, Inc. and the Succession of John D. Constant, Sr. (the said John D. Constant, Sr. having died during the pendency of this litigation) from pursuing further prosecution, trial, or proceedings in the State Court suit until this complaint could be heard and adjudicated by this Court. South Central Bell also seeks, after hearing, a permanent injunction to the same effect.

It is the position of South Central Bell that under the circumstances of this case

it would be in violation of this Court's injunction if, after being put on notice that Constant was violating the injunction, it, South Central Bell, knowingly allowed Constant to continue using its equipment to accomplish that purpose when it had the means to prevent it. Jurisdiction of this Court is invoked under 28 U.S.C.A. § 1338, which gives the United States District Court jurisdiction over actions arising under an Act of Congress relating to patents, copyrights and trademarks, or actions asserting claims of unfair competition when joined with a substantial and related claim under the copyright, patent or trademark laws, and under 28 U.S.C.A. § 2283, which gives this Court authority to grant an injunction to stay proceedings in a State Court when necessary in aid of its jurisdiction or to protect or effectuate its judgments.

Defendants respond with (1) a motion to dismiss for lack of diversity of citizenship, (2) a motion to dismiss for lack of jurisdiction over the subject matter, and (3) a motion for summary judgment.

It is the opinion of this Court that plaintiff, South Central Bell Telephone Company, is entitled to the preliminary injunction which it seeks, and that the defendants' motions to dismiss and for summary judgment are without merit.

There is no question but that the Court had jurisdiction over the original suit filed in this Court by Atlas Van-Lines, Inc. against Dan J. Constant, d/b/a Atlas Moving & Storage Co. That suit was based upon claimed violations of the trademark laws of the United States, and hence this Court had jurisdiction by virtue of the provisions of 28 U.S.C.A. § 1338. This Court also had jurisdiction over that case pursuant to 28 U.S.C.A. § 1332 pertaining to suits involving diversity of citizenship. A consent decree was entered in that case which enjoined the parties "and all others holding by, through, or under Defendant, or in active concert or participation with Defendant" from doing, among other things, the specific things heretofore set forth in the quoted portion of the consent decree. There is no question but that this Court has the authority to issue such orders, including an injunction against State Court proceedings, that it deems necessary in order to protect its jurisdiction or to enforce or effectuate its orders. 28 U.S.C.A. § 2283. This suit was filed by South Central Bell seeking injunctive relief and/or such other orders as may be necessary to protect the prior orders of this Court. As was said in Williams v. Pacific Royalty Company, 247 F.2d 672 (CA 10–1957):

"The right of the Federal Court to enjoin the prosecution of a state court action to effectuate its judgment is not questioned. We have held that "A federal court is clothed with power to secure and preserve to parties the fruits and advantages of its judgment or decree. In the appropriate exercise of that power, the court has jurisdiction through means of a supplemental proceeding to enjoin the relitigation in a state court of a matter litigated, determined and adjudicated by its valid decree regularly entered, if the result of the relitigation would be to destroy the effect of the decree rendered in the United States Court."

Clearly this Court does have jurisdiction over this matter, and hence the motions filed by defendant to dismiss on jurisdictional grounds must be denied.

In connection with plaintiff's motion for preliminary injunction and defendants' motion for summary judgment, the entire transcript of the State Court proceedings has been filed with this record. A review of those proceedings and a careful consideration of the arguments of counsel lead this Court to conclude that plaintiff's motion for a preliminary injunction should be granted and defendants' motion for summary judgment should be denied.

This Court finds, as a fact, that plaintiff, South Central Bell Tele-

phone Company, was and is covered by the injunction issued in the Atlas Van-Lines, Inc. suit, if it in any way knowingly acts in concert with the defendant to violate the terms of that injunction. Rule 65(d) of the Federal Rules of Civil Procedure provides in pertinent part:

> "Every order· granting an injunction * * * is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, *and upon those persons in active concert or participation with them* who receive actual notice of the order by personal service *or otherwise*." (emphasis added.)

As soon as South Central Bell was apprised of the fact that its subscriber, Constant, was, by use of South Central Bell's equipment, violating the injunction imposed by this Court, it had a duty not to act in any way in concert with Constant to ·effectuate or perpetuate the violation. South Central Bell had the means to prevent its equipment from being used to violate the injunction, and its failure to do so would, at the very least, have amounted to a passive participation in the violation. That Constant was, by answering his phone with the word "Atlas," violating the injunction, cannot be denied. Certainly South Central Bell cannot now be ordered by another Court to do the very thing that this Court has ordered Constant and all others acting in concert with him not to do. That is exactly what the State Court judgment has done. Thus, in order to protect, enforce, and effectuate the injunction issued by this Court on November 20, 1968, in the suit entitled Atlas Van-Lines, Inc. v. Dan J. Constant, d/b/a Atlas Moving & Storage Co., bearing Number 68–115 on the docket of this Court, a preliminary injunction as prayed for by South Central Bell Telephone Company will issue, and defendants' motion for summary judgment will be denied. Counsel for plaintiff shall prepare and present a proposed form of injunction to be entered herein.